UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QURESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

February 6, 2023

LETTER TO COUNSEL

RE: *Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2662

Dear Counsel:

On October 15, 2021, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. I have considered the parties' cross-Motions for Summary Judgment, ECF Nos. 13, 18, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will deny both Motions and remand this case for further consideration in accordance with my analysis and conclusions below.

## I. The History of this Case

Plaintiff filed his claim for Title II disability insurance benefits and Title XVI social security income on June 25, 2014, alleging a disability onset date of July 1, 2009. ECF No. 8-3, at 23. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 6, 2016. *Id*. After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id*. at 31. The Appeals Counsel, subsequently, denied Plaintiff's request for review. *Id.* at 1. However, this Court, upon review of the ALJ's decision remanded the case to the SSA for further consideration. ECF No. 8-9, at 633.

On July 30, 2020, an ALJ held a telephonic hearing again considering whether Plaintiff had been under a disability since his alleged disability onset date. *Id*. at 584. The second ALJ again issued Plaintiff an unfavorable decision. *Id.* at 581. Since the Appeals Council denied Plaintiff's request for review, *id.* at 575, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

On remand, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, aortic valve disorder, benign hypertensive disease with heart failure, cardiomyopathy, sleep apnea

Case 8:21-cv-02662-AAQ   Document 19   Filed 02/06/23   Page 2 of 6

*Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02662
February 6, 2023
Page 2

and chronic kidney disease[.]" ECF No. 8-9 at 587. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to

> lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, stand and/or walk for approximately four hours in an eight-hour workday, and sit for approximately six hours in an eight-hour workday, with normal breaks. He is capable of occasional climbing of ramps and stairs, balancing, stooping, crouching, kneeling and crawling; but never climbing ladders, ropes or scaffolds. He can tolerate occasional exposure to extreme cold, extreme heat, wetness, humidity, respiratory irritants such as fumes, odors, dust, gases and poorly ventilated areas, and hazards of wet, slippery surfaces, hazardous machinery and unprotected heights.

*Id.* at 589-90. In determining this RFC, the ALJ began by considering Plaintiff's testimony that, among other things, he: 1) "could not work because of constant fatigue symptoms resulting from his heart impairment"; 2) "has to sit down every five to ten minutes when performing activities"; and 3) "can only stand for fifteen minutes before needing to sit down." *Id*. at 590.

The ALJ then conducted an independent review of Plaintiff's medical records, finding that the intensity, persistence and limiting effects of Plaintiff's symptoms were not as great as he claimed. *Id.* at 590-91. Specifically, regarding Plaintiff's claims of fatigue, the ALJ noted "physical examination findings show[ing] normal S1 and S2, regular rate and rhythm, symmetric carotid arteries, no aortic enlargement or bruits, and no murmurs, rubs or gallops." *Id.* at 591. The ALJ also emphasized "physical examination findings show[ing] normal gait, good balance, full range of motion, normal muscle mass . . . good motor and sensory function, intact deep tendon reflexes and no edema." *Id.* at 592.

The medical evidence in the record, however, was not clear. As the ALJ acknowledged, three echocardiograms and two electrocardiograms taken between September 2014 and March 2020 showed heart abnormalities, easy breathlessness upon exercise, and Plaintiff's ability to walk for only 6 minutes and 45 seconds. *Id.* at 591. Further, as the ALJ noted, Plaintiff's "obesity could reasonably be expected to exacerbate [his] other symptoms and impairments in this matter." *Id.* at 592.

Additionally, Plaintiff presented two opinions from his treating physician, John Hakim, M.D., regarding his claimed physical impairments. *Id.* at 593. "Dr. Hakim generally opined that the claimant could perform less than the full range of sedentary work with additional break, absentee, and attention and concentration limitations." *Id*. The ALJ, however, gave Dr. Hakim's opinion little weight because:

> Dr. Hakim's own findings do not support the degree of exertional limitations opined, including optimal examination findings showing

Case 8:21-cv-02662-AAQ   Document 19   Filed 02/06/23   Page 3 of 6

*Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02662
February 6, 2023
Page 3

> normal gait, good balance, no steadiness, no tenderness to palpation, and no neurological abnormalities . . . Additionally, these opinions are inconsistent with the record of evidence, which supports the finding of less restrictive exertional limitations and does not support the additional break, absentee, or attention and concentration limitations opined. Evidence supporting less restrictive limitations in these areas includes optimal physical examination findings showing intact cranial nerves, good motor and sensory function, intact deep tendon reflexes, and a normal posture and gait; optimal mental status examination findings showing the claimant was alert, oriented, and exhibited normal attention and concentration; and the claimant's statements that he retained the ability to prepare meals and perform household chores[.]

*Id*. As a result, the ALJ fashioned an RFC that concluded Plaintiff could perform "less than the full range of light work", but more than Plaintiff or Dr. Hakim claimed. *Id*. at 595.

Based on this RFC, the ALJ determined that Plaintiff was unable to perform past relevant work as a cook, stock clerk or dishwasher. *Id*. However, the ALJ determined that Plaintiff did not have a disability because he could perform other jobs that existed in significant numbers in the national economy. *Id.* at 596 (noting that Plaintiff could perform work as a mail clerk, shipping and receiving weigher, or information clerk). The ALJ made this determination based, in part, on the testimony of the vocational expert ("VE"). *Id*. As a result, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 597.

## II. Plaintiff's Arguments on Appeal

On appeal, Plaintiff raises three arguments: 1) the ALJ erroneously assessed Plaintiff's RFC because she did not include a narrative discussion supporting each of her conclusions, ECF No. 13-1, at 6; 2) the ALJ failed to properly explain her assessment of Plaintiff's complaints of fatigue as they relate to the ultimate RFC, *id.* at 9; and 3) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician, Dr. Hakim, *id.* at 11. This opinion will focus on Plaintiff's third argument.

The U.S. Court of Appeals for the Fourth Circuit observes the "treating physician rule," which "requires that ALJs give 'controlling weight' to a treating physician's opinion on the nature and severity of the claimant's impairment if that opinion is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with the other substantial evidence' in the record." *Arakas v. Commissioner*, 983 F.3d 83, 106 (4th Cir. 2020) (quoting 20 C.F.R. § 404.1527(c)(2)). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590; *see also Triplett v. Saul*, 860 Fed.Appx. 855,

Case 8:21-cv-02662-AAQ    Document 19    Filed 02/06/23    Page 4 of 6

*Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02662
February 6, 2023
Page 4

864 (4th Cir. 2021) ("[S]ubstantial evidence supports the ALJ's decision not to give controlling weight to Dr. Gray's medical opinion . . . because a reasonable mind could conclude that Dr. Gray's opinion conflicts with other medical evidence in the record.").

That said, once an ALJ determines that a treating physician's opinion is not entitled to controlling weight, it may not simply disregard the opinion. Rather,

> [I]f a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability, i.e., the extent to which the treating physician presents relevant evidence to support the medical opinion; (4) consistency, i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to issues related to his or her area of specialty; and (6) any other factors raised by the parties which tend to support or contradict the medical opinion.

*Dowling v. Comm'r*, 986 F.3d 377, 384–85 (4th Cir. 2021) (cleaned up); *Triplett*, 860 Fed. Appx. 863-64 (same); *Arakas*, 983 F.3d at 107 n.16 ("20 C.F.R. § 404.1527(c) requires ALJs to consider *all* of the enumerated factors in deciding what weight to give a medical opinion." (emphasis in original)); *see also* SSR 96-2p, 1996 WL 374188, at *4 (July 2, 1996) ("In many cases, a treating [physician's] medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). "While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that [she] meaningfully considered *each* of the factors before deciding how much weight to give the opinion." *Dowling*, 986 F.3d at 385.

Although the ALJ properly determined that Dr. Hakim's opinions regarding Plaintiff's physical impairments was not entitled to controlling weight given the inconsistent evidence in the record, there is no dispute that the ALJ failed to apply each of the six factors she was required to apply under Fourth Circuit precedent. Rather, as both parties agree, the ALJ's analysis was limited solely to two of the six factors – supportability and consistency. ECF No. 13-1, at 15; ECF No. 18-1, at 9. This is despite the fact that the ALJ was aware that Dr. Hakim was Plaintiff's treating physician. ECF No. 8-9, at 616. This Court has, on several occasions, remanded cases to the SSA for an ALJ's failure to consider all six factors. *See e.g. Darrell D. v. Kijakazi*, No. TMD 20-2601, 2021 WL 5840864, at *6 (D. Md. Dec. 9, 2021); *Keiba C. W. v. Kijakazi*, No. TMD 20-3256, 2021 WL 5280898, at *6 (D. Md. Nov. 12, 2021); *Maryann H. v. Kijakazi*, No. TMD 20-2520, 2021 WL 5239852, at *6 (D. Md. Nov. 10, 2021); *Barbara B. v. Kijakazi*, No. TMD 20-2187, 2021 WL 4391087, at *5 (D. Md. Sept. 24, 2021); *Savoy v. Berryhill*, No. 8:19-cv-00999-JMC, 2021 WL

Case 8:21-cv-02662-AAQ   Document 19   Filed 02/06/23   Page 5 of 6

*Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02662
February 6, 2023
Page 5

9860120, at *3-4 (D. Md. May 19, 2021); *Robles v. Saul*, No. 1:19-cv-03271-JMC, 2021 WL 1169028, at *4 (D. Md. Mar. 26, 2021); *Ansah v. Saul*, No. 1:19-cv-02503-JMC, 2021 WL 962702, at *6 (D. Md. Mar. 12, 2021). In doing so, it has rejected the precise argument upon which the Commissioner relies – that such an error was allegedly harmless. *See Jennifer T. v. Kijakazi*, No. TJS-20-2852, 2022 WL 100106, at *3 (D. Md. Jan. 1, 2022) ("The Court declines to apply the Acting Commissioner's harmless error analysis. As in *Dowling*, the ALJ in this case failed to comply with the agency's regulations regarding the evaluation of medical opinion evidence."); *see also Dowling*, 986 F.3d at 386 ("[I]t is an elemental principle of administrative law that agency determinations must 'be made in accordance with certain procedures which facilitate judicial review.'").

Regardless, the error in this case was not harmless. As in *Dowling*, "it is far from apparent that the ALJ considered – or was even aware of – each of the Section 404.1527(c) factors. In addition to ignoring a majority of the specific factors, the ALJ's decision was bereft of any reference to the factors as a whole." 986 F.3d at 385; *id.* at 386 (finding remand appropriate where "the ALJ neglected to even acknowledge the existence of those factors, much less engage in a meaningful discussion of them, so as to facilitate judicial review"). In this case, the ALJ not only failed to discuss them explicitly, but clearly failed to consider them altogether.

Furthermore, at least two of the factors the ALJ failed to consider cut in Plaintiff's favor. *Triplett*, 860 Fed.Appx. at 865 (finding remand appropriate where the ALJ failed to consider the first two factors which cut in claimant's favor); *Dowling*, 986 F.3d at 386 (concluding that the "error necessitates a remand in this case. Two of the factors ignored by the ALJ – those which relate to the length, frequency, nature, and extent of Appellant's treatment relationship with Dr. Gross – appear to cut in Appellant's favor"). Before the ALJ were treatment records from Dr. Hakim stretching over a period in excess of five years. See ECF No. 8-9, at 603-04 (categorizing medical records from Dr. Hakim from September 2014 to May 2020). As the Plaintiff testified, he had been seeing Dr. Hakim "every three to six months" over that period. ECF *Id.* at 616.

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. Regardless, the Commissioner also should address the other issues Plaintiff has raised. *See Tanner v. Comm'r of Soc. Sec.*, 602 Fed.Appx. 95, 98 n. 1 (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

### III.     Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 13, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 18, is DENIED. Pursuant to

*Travis C. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02662
February 6, 2023
Page 6

sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED.  This case is REMANDED for further proceedings in accordance with this opinion.

    Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

        Sincerely,

        /s/
        Ajmel A. Quereshi
        United States Magistrate Judge